[Cite as *In re Kommick*, 2011-Ohio-4027.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: AUSTIN W. KOMMICK

AUSTIN W. KOMMICK

      Applicant

Case No. V2011-60301

Commissioners:
Karl C. Kerschner, Presiding
William L. Byers IV
Necol Russell-Washington

ORDER OF A THREE
COMMISSIONER PANEL

{¶1}On December 29, 2010, applicant, Austin Kommick, filed a compensation application as the result of a robbery which occurred on July 13, 2007. On February 15, 2011, the Attorney General issued a finding of fact and decision denying the applicant's claim pursuant to R.C. 2743.56(B)(2) and 2743.60(A), failure to file the compensation application within two years of the occurrence of the criminal incident. On March 14, 2011, the applicant submitted a request for reconsideration. The applicant stated he was unable to timely file a compensation application due to his deployment with the United States Army in Iraq. On March 22, 2011, the Attorney General rendered a Final Decision finding no reason to modify the initial decision. On March 30, 2011, the applicant filed a notice of appeal from the March 22, 2011 Final Decision of the Attorney General. Hence, a hearing was held before this panel of commissioners on June 16, 2011 at 11:10 A.M.

{¶2}Assistant Attorney General Lauren Angell appeared on behalf of the state of Ohio, while the applicant did not attend the hearing.

{¶3}The Attorney General made brief statement for the panel's consideration. Initially, the Attorney General stated it would like to amend part three of its brief filed on May 24, 2011.   Part three dealt with applicant's contention that it was impossible to

timely file the compensation application due to his deployment to Iraq with the United States Army. The Attorney General cited 50 United States Code Section 526, the Service Member's Civil Relief Act, which tolls the statute of limitations during the period of military service. The Attorney General quoted from the statute which states:

{¶4}"The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action of proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or political subdivision of a State) or the United States by or against the servicemember or the servicemember's heirs, executors, administrators, or assigns."

{¶5}The Attorney General stated that the applicant had until July 13, 2009 to file the compensation application; he received his deployment order in June of 2009, but did not deploy to Iraq until August 26, 2009.

{¶6}Upon questioning by the panel of commissioners an issue arose concerning the exact date which the statute of limitations would be tolled pursuant to the federal statute. Consequently, the panel ordered the Attorney General to file a supplemental brief conclusively determining the date the statute of limitations is tolled pursuant to 50 USC 526. Whereupon, the hearing was concluded.

{¶7}On June 24, 2011, the Attorney General filed an updated brief. The Attorney General's investigation revealed that the applicant entered into full-time duty with the United States Army, in Bradenton, Florida, on September 12, 2007. This was 61 days after the criminal incident. Pursuant to relevant case law, *Conroy v. Aniskoff* (1993), 507 U.S. 511, the statute of limitations is tolled once an individual enters into full-time service with the military. Accordingly, based upon the federal statute and the

decision rendered by the United States Supreme Court the applicant's claim should not be barred pursuant to R.C. 2743.56(B)(2) and 2743.60(A). Consequently, the Attorney General requests this claim be remanded to the Attorney General for further investigation and decision.

{¶8}From review of the case file and with full and careful consideration given to the Attorney General's statements at the hearing and the updated brief, we find the applicant's claim should not be barred pursuant to R.C. 2743.56(B)(2) and 2743.60(A). Therefore, the March 22, 2011 decision of the Attorney General is reversed.

IT IS THEREFORE ORDERED THAT

{¶9}1) The March 22, 2011 decision of the Attorney General is REVERSED and judgment is rendered in favor of the applicant;

{¶10}2) This claim is remanded to the Attorney General for investigation and decision;

{¶11}3) This order is entered without prejudice to the applicant's right to file a supplemental compensation application, within five years of this order, pursuant to R.C. 2743.68;

{¶12}4)    Costs are assumed by the court of claims victims of crime fund.


_____
KARL C. KERSCHNER
Presiding Commissioner


_____
WILLIAM L. BYERS IV
Commissioner


_____
NECOL RUSSELL-WASHINGTON
Commissioner

ID #I:\VICTIMS\2011\60301\V2011-60301.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Seneca County Prosecuting Attorney and to:


Filed 8-5-11
Jr. Vol. 2279, Pgs. 185-188
Sent to S.C. Reporter 8-15-11